UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 09-60276-CIV-COHN/SELTZER

DHL EXPRESS (USA), INC., an Ohio
corporation,

    Plaintiff,

v.

EXPRESS SAVE INDUSTRIES, INC., a New
York Corporation, JOHN DOES 1-50,

    Defendants.
_____/

**PLAINTIFF DHL EXPRESS (USA), INC.'S MOTION TO COMPEL
APPEARANCE OF DEFENDANT EXPRESS SAVE INDUSTRIES,
INC. AT DEPOSITION (FED. R. CIV. P. 30(b)(6))**

Plaintiff DHL Express (USA), Inc. ("DHL") moves to compel the appearance of defendant Express Save Industries, Inc. ("Express Save" or "ESI") at deposition. Having been served with a timely deposition notice under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Express Save has refused to produce a witness to testify on behalf of the corporation without valid justification. The Court should enter an Order compelling Express Save to appear at a 30(b)(6) deposition and compensating DHL for the costs and fees associated with filing this Motion, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

**STATEMENT OF FACTS**

On September 3, 2009, DHL properly noticed the 30(b)(6) deposition of Express Save. (Declaration of D. Barclay Edmundson in Support of DHL's Motion to Compel

30(b)(6) Deposition ("Edmundson Decl."), Exh. A.)  Express Save's counsel, however, informed DHL that it had no intention of producing a witness for deposition because its designated corporate representative witness, Mr. John Abdo, had already been deposed in his *individual* capacity.  (Edmundson Decl., Exh. B.)

DHL's counsel met and conferred with Express Save's counsel on this matter twice, the most recent conference occurring on September 10, 2009.  (Edmundson Decl. ¶ 2.)  During those conferences, DHL offered suggestions that would reduce the alleged burden on Express Save to appear for deposition.  (Edmundson Decl. ¶ 3.)  Express Save rejected each of DHL's suggestions and refused to produce a witness on the improper basis stated above.  (*Id.*)  The Court should compel Express Save's appearance at a 30(b)(6) deposition.

## THE COURT SHOULD ORDER EXPRESS SAVE TO APPEAR FOR DEPOSITION

The Court should compel Express Save to appear for a deposition because the law does not allow a party to refuse to appear for a 30(b)(6) deposition on the grounds that the corporate designee was previously deposed in his individual capacity.

### 1. A Designated Officer, Director, or Managing Agent Must Testify on Behalf of Express Save

Express Save, a corporation, must be deposed by designating "one or more directors, or managing agents, or [] other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6).  A deposition of a corporation under Rule 30(b)(6) is different than a deposition of an individual.  While an individual deponent's testimony can be given certain evidentiary weight at trial, only a corporation's Rule 30(b)(6) designee can "testify on [the corporation's] behalf."  *Id.*

It is not sufficient for DHL to depose John Abdo in his individual capacity, as Express Save has suggested.  (*See* Edmundson Decl., Exh. B.)  DHL is entitled to depose Express Save in its corporate capacity in order to determine the totality of Express Save's knowledge as an entity, and to obtain **admissions** from the corporation   *See, e.g., United States v. Taylor*, 166 F.R.D 356, 362 (M.D.N.C. 1996); *Spring Comm'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524 (D. Kan. 2006); *Reilly v. NatWest Markets Group Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (corporation bound by 30(b)(6) deponent's testimony, cannot later choose a "more knowledgeable" witness at trial).

2. <u>**As "The Corporation Has Yet to Testify," Express Save Must Be Compelled to Appear for Deposition**</u>

When Express Save's counsel informed DHL that Express Save would not be appearing for its duly-noticed deposition, it provided no authority for its position.  No such authority exists, as Judge Ryskamp of this Court wrote in 2008:

> Defendant argues that… [corporate designee] Mr. Ferraro has essentially already given a Rule 30(b)(6) deposition.  Although Mr. Ferraro's testimony [may] be similar, under the law, a corporate entity is distinct from the individuals who control or manage the corporation. . . ***[t]his Court did not find any case law that barred a second deposition of an individual who was first deposed in his individual capacity*** and then called to testify a second time on behalf of the corporation.  *See Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189 (1st Cir. 2001).

*Provide Commerce, Inc. v. Preferred Commerce, Inc.*, Case No. 07-80185 CIV, 2008 WL 360588, at *3 (S.D. Fla. Feb. 8, 2008) (emphasis added).  The Court then proceeded to order the party trying to resist discovery to subject itself to a 30(b)(6) deposition on the grounds that "Mr. Ferraro has only testified as an individual and not on behalf of the corporation.  At this point, the corporation has yet to testify.  As such, Plaintiff is entitled to the Rule 30(b)(6) discovery."  *Id.*; *see also Beaulieu v. Bd. Of Trustees of the Univ. of*

*W. Fla.*, No. 3:07cv30/RV/EMT, 2007 WL 4468704, at *2 (N.D. Fla Dec. 18, 2007) ("Defendant's Rule 30(b)(6) witness was testifying as an entity, not as herself, and thus the same person was not being deposed twice in this case.").

DHL has served a valid and timely 30(b)(6) notice of deposition on Express Save. As Express Save has not yet testified, it should be compelled to appear for deposition.

### REQUEST FOR ATTORNEY'S FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(5)

Pursuant to Rule 37(a)(5), undersigned counsel requests reimbursement of the costs incurred in having to file this motion, including reasonable attorneys' fees.

### CONCLUSION

Trial in this matter is rapidly approaching. Calendar call is set for November 25, 2009, with motions *in limine* due November 13, 2009. Therefore, DHL respectfully requests that the Court enter an Order (i) compelling ESI to appear at a 30(b)(6) deposition at a date mutually agreed upon by the parties, ***but no later than November 10, 2009***, (ii) awarding DHL its costs, including reasonable attorneys' fees, and (iii) granting DHL such other and further relief as the Court deems just and proper.

Dated: September 14, 2009

Respectfully submitted,

AKERMAN SENTERFITT
Suite 2500
Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131-1714
Telephone: (305) 374-5600
Facsimile:  (305) 374-5095
E-mail: Robert.Chaskes@Akerman.com
E-mail: Ryan.Roman@Akerman.com


By:  s/ Ryan Roman
Robert I. Chaskes
Florida Bar No. 0102271
Ryan Roman
Florida Bar. No. 0025509

OF COUNSEL:

Edwin Woodsome, Jr.
D. Barclay Edmundson
Christopher Ruhland
William W. Oxley
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Facsimile:  (213) 612-2499
E-mail: ewoodsome@orrick.com
E-mail: bedmundson@orrick.com
E-mail: cruhland@orrick.com
E-mail: woxley@orrick.com

## CERTIFICATE OF GOOD FAITH CONFERENCE
## UNDER RULE 37(1) AND LOCAL RULE 7.1.A.3

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so.

s/Ryan Roman  _____
Ryan Roman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Ryan Roman  _____
Ryan Roman

## SERVICE LIST

Robert I. Chaskes, Esquire
Ryan Roman, Esquire
AKERMAN SENTERFITT
SunTrust International Center
One Southeast Third Avenue, 25th Floor
Miami, Florida  33131-1714
Telephone: (305) 374-5600
Facsimile:  (305) 374-5095
Email:  Robert.Chaskes@Akerman.com
Email:  Ryan.Roman@Akerman.com

Edwin V. Woodsome, Jr., Esquire
   (admitted *pro hac vice*)
Christopher Ruhland, Esquire
   (admitted *pro hac vice*)
D. Barclay Edmundson, Esquire
   (admitted *pro hac vice*)
William Oxley, Esquire
   (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017
Telephone:  (213) 629-2020
Facsimile:  (213) 612-2499
Email: ewoodsome@orrick.com
Email: cruhland@orrick.com
Email: bedmundson@orrick.com
Email: woxley@orrick.com

*Attorneys for Plaintiff DHL Express (USA), Inc.*

Robert Zarco, Esquire
Robert M. Einhorn, Esquire
K. Brian Roller, Esquire
ZARCO EINHORN SALKOWSKI & BRITO, P.A.
100 SE 2nd Street
Suite 2700
Miami, Florida  33131
Telephone: (305) 374-5418
Facsimile:  (305) 374-5428
Email: rzarco@zarcolaw.com
Email: reinhorn@zarcolaw.com
Email: broller@zarcolaw.com

David R. Softness, Esquire
DAVID R. SOFTNESS, P.C.
1200 Brickell Avenue
Suite 1900
Miami, Florida  33131
Telephone: (305) 373-3232
Facsimile:  (305) 373-3233
Email: dsoftness@softnesslaw.com

*Attorneys for Defendant Express Save Industries, Inc.*
*(via CM/ECF)*