UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 09-60276 CIV-COHN/SELTZER

DHL EXPRESS (USA), INC.,
an Ohio corporation,

                       Plaintiff,

vs.

EXPRESS SAVE INDUSTRIES, INC., a New
York corporation, JOHN DOES 1-50,
et al.
                       Defendants.
_____/

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL APPEARANCE OF DEFENDANT EXPRESS SAVE INDUSTRIES, INC. AT DEPOSITION

Defendant EXPRESS SAVE INDUSTRIES, INC. ("ESI" or "Defendant"), by and through undersigned counsel, and pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, hereby opposes Plaintiff's Motion to Compel Appearance of Defendant Express Save Industries, Inc. at Deposition and, in support thereof, states as follows:

On August 26 and 27, 2009, DHL took the deposition of three of ESI's employees. Those depositions included all three of the individuals employed by ESI that have any personal knowledge of the issues raised in this lawsuit. John Abdo, the sole owner and manager of this closely-held company, was deposed for the allotted seven hours; the other individuals were deposed for another complete day. John Abdo is the individual within ESI's organization who has knowledge concerning the issues in this case. [*See* Abdo Decl. at ¶ 7][1]

Only days after the August 26 and 27 depositions, on September 3, 2009, DHL served ESI with a corporate representative deposition notice, unilaterally scheduling ESI's deposition to occur

---
[1] The Declaration of John Abdo is annexed hereto.

on September 16, 2009. The sole witness for ESI to produce in response to the deposition notice is Mr. Abdo, whose deposition time has already been exhausted. [*See* Abdo Decl. at ¶¶ 2, 6-7; *see also* Fed. R. Civ. P. 30(d)]  John Abdo, both personally and in his capacity as president and sole shareholder of ESI, has agreed to adopt the testimony taken of him in his individual capacity as the testimony of ESI. [*Id.* at ¶ 10]

### A. Mr. Abdo's Declaration, Which Adopts his Personal Testimony as that of the Closely-Held Corporation, Renders the Need for a Deposition of ESI Moot

A number of cases have indicated that in the case of closely-held corporations, the knowledge of an individual concerning a particular subject may also constitute the total knowledge of the entity. *Sabre v. First Dominion Capital, L.L.C.*, 2001 U.S. Dist. LEXIS 20637 (S.D.N.Y. 2001); *see also A.I.A. Holdings, S.A. v. Lehman Brothers, Inc.*, 2002 U.S. Dist. LEXIS 9218 (S.D.N.Y. 2002). "In such a situation, the witness could simply adopt the testimony he or she provided in a former capacity, thereby obviating the need for a second deposition." *Id.* In this case, Mr. Abdo, through the Declaration annexed hereto and submitted herewith, has adopted his prior testimony as that of ESI, the closely-held defendant corporation in this case. [*See, e.g.* Abdo Decl. at ¶ 10]

Moreover, the courts have indicated that "if the questioning is being conducted in an oppressive manner, the aggrieved party can make application for a protective order." *Sabre*, 2001 U.S. Dist. LEXIS 20637 at * 4.  In this case, this closely-held corporation has already had all three of the employees with any knowledge of the circumstances concerning this litigation deposed. And DHL has already taken the deposition of the only individual who would provide all of the testimony sought under the 30(b)(6) notice. [*See, e.g.* Abdo Decl. at ¶ 7] Asking Mr. Abdo to sit a second time for a deposition, within just a couple of weeks of his initial deposition, smacks of

harassment, would be unfair, and constitutes a burden that neither Mr. Abdo nor ESI should be forced to carry.

The decision in *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, 2008 WL 360588 (S.D. Fla. 2008), a case heavily relied upon by DHL, is distinguishable from the instant action. The *Preferred* Court held that the testimony of a company's officer did not constitute testimony of the company. In *Preferred*, though, there is no indication that the company was closely-held, or that the president-deponent had adopted his testimony as that of the corporation. In Preferred, the Court's holding was based upon the fact that the corporation had "yet to testify." *Id.*

This case, on the other hand, does concern a closely–held corporation. [Abdo Decl. at ¶ 1] And in this case, the president and sole shareholder has expressly adopted the testimony that he has already provided, as that which would be provided on behalf of the corporation. Thus, this Court should adopt the reasoning applied in the aforementioned *Sabre* and *A.I.A. Holdings* cases, as articulated herein above.

### B. Fed. R. Civ. P. 26(B)(2)(C) Provides Protections For These Precise Circumstances

Fed. R. Civ. P. 26(b)(2)(C) instructs Courts to limit the frequency and extent of discovery under precisely the same circumstances which are present in this action. *See, e.g.* Fed. R. Civ. P. 26(b)(2)(C). The express purpose of this rule is to "guard against redundant or disproportionate discovery." *Peacock v. Merrill*, 2008 U.S. Dist. LEXIS 13598 (S.D. Ala. 2008). In fact, the circumstances which are present here meet the three instances proscribed in Fed. R. Civ. P. 26(b)(2)(C), in which discovery should be limited.

The first such instance is when "the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i). As articulated in his Declaration and herein above, John Abdo is the sole owner and president of ESI, and DHL has already taken his deposition. In

fact, Mr. Abdo, as president of ESI, has adopted his personal testimony as that of the corporation. As such, another deposition of Mr. Abdo would simply be unreasonably cumulative or duplicative.

The second such instance is when "the party seeking discovery has had ample opportunity by discovery in this action to obtain the information sought." Fed. R. Civ. P. 26(b)(2)(C)(ii). DHL had every opportunity to ask every question that was reasonably calculated to lead to the discovery of admissible evidence, and ESI met its obligation in responding accordingly. Now, after al;ready receiving a complete day of Mr. Abdo's testimony (and that of ESI- now that such testimony was adopted by ESI), DHL wants its "second bite at the apple." DHL impermissibly seeks to make an end run around Fed. R. Civ. P. 30(d), which limits depositions to one day and seven hours.

Lastly, discovery must be restricted when "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case." Fed. R. Civ. P. 26(b)(2)(C)(iii). Mr. Abdo's knowledge constitutes the total knowledge of ESI on those matters noticed for deposition by DHL. Thus, deposing Mr. Abdo for a second time will not confer any likely benefit, but it will impose the significant burden and expense of additional, unnecessary, and duplicative depositions in this matter. [Abdo Decl. at ¶ 11]

Furthermore, permitting DHL to impose this additional burden on ESI will contravene Fed. R. Civ. P. 1, which instructs courts to interpret the rules of civil procedure in a manner that secures a just and inexpensive determination of the action.

WHEREFORE, for the foregoing reasons, ESI respectfully moves this Court to deny Plaintiff's Motion to Compel Appearance of Defendant Express Save Industries, Inc. at Deposition and grating such other and further relief as this Court deems appropriate.

ZARCO EINHORN SALKOWSKI & BRITO
BANK OF AMERICA TOWER, 100 S.E. 2ND STREET, 27TH FLOOR, MIAMI, FLORIDA 33131 (305) 374-5418 FAX (305) 374-5428

        ZARCO EINHORN SALKOWSKI & BRITO, P.A.
        Bank of America Tower
        100 S.E. 2nd Street, Suite 2700
        Miami, Florida  33131-2150
        Telephone:  (305) 374-5418
        Telecopier:  (305) 374-5428

By:     /s/K. BRIAN ROLLER
        ROBERT ZARCO
        Florida Bar No. 502138
        ROBERT M. EINHORN
        Florida Bar No. 858188
        K. BRIAN ROLLER
        Florida Bar No. 18696

        - and -

DAVID R. SOFTNESS, P.C.
1200 Brickell Avenue
Suite 1900
Miami, FL 33131
Tel: 305-373-3232
Email: dsoftness@softnesslaw.com


Counsel for Defendant ESI

Dated: Miami, Florida
       September 25, 2009

## CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that on this date, we electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                                         By:   /s/K. BRIAN ROLLER
                                                    K. BRIAN ROLLER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 09-60276 CIV-COHN/SELTZER

DHL EXPRESS (USA), INC.,
an Ohio corporation,

                              Plaintiff,

vs.

EXPRESS SAVE INDUSTRIES, INC., a New
York corporation, JOHN DOES 1-50,
et al.

                              Defendants.
_____/

**DECLARATION OF JOHN ABDO IN SUPPORT OF
EXPRESS SAVE INDUSTRIES, INC.'S
OPPOSITION TO MOTION TO COMPEL 30(b)(6) DEPOSITION**

Pursuant to 28 USC § 1746, the undersigned states as follows:

1.     I am the president and sole shareholder of Express Save Industries, Inc. ("ESI"), the closely-held corporation that is the defendant and counterclaim plaintiff in this matter. I have personal knowledge of the matters set forth in this declaration, and if called to testify as to these matters, I could do so competently. I submit this declaration in opposition to DHL Express Save USA, Inc.'s motion to compel appearance of ESI at deposition.

2.     On August 26, 2009, I sat for my deposition in this matter for an entire day.

3.     Thereafter, on August 27, 2009, Carole Stodgell and Jessica Hulett, both employees of ESI, sat for their respective depositions for the entire day. I witnessed each of their depositions in its entirety.

4.  As I understood, counsel for DHL Express (USA), Inc. ("DHL") had the opportunity to ask all of the questions to which DHL hoped to elicit answers.

5.  Only days after my deposition, DHL served notice of the deposition of ESI, with various topics attached thereto.

6.  I have reviewed the subject 30(b)(6) notice that was served in this matter.

7.  Based upon my review of the matters listed in the 30(b)(6) notice, I am the only individual within the ESI organization who has any knowledge concerning such matters.

8.  I was questioned about the matters listed in the notice, and provided the very same testimony that would have been provided by ESI.

9.  To the extent that any matters were not covered in my deposition, it was simply because DHL's counsel failed to inquire about such matters. DHL certainly had every opportunity to inquire about every matter listed in connection with the 30(b)(6).

10. In any event, as president of ESI, I agree to permit the parties to adopt the testimony that I provided in my personal capacity as the testimony that would have been provided on behalf of ESI, in a 30(b)(6) deposition.

11. Moreover, I believe it is imperative to note that this litigation has placed a tremendous burden on my closely-held corporation. I believe that this additional deposition is intended both to continue to make this litigation an undue burden on my business and my affairs, as well as to afford DHL an opportunity to take my deposition a second time.

12. I also understand that DHL does not complain that I, or any of ESI's employees, refused to provide answers to questions that must be provided on behalf of ESI.

13. Rather, we were cooperative, and provided responses to everything asked of us. To the extent DHL failed to cover certain topics with me at my deposition, neither I nor ESI, should be forced to carry the additional and undue burden of additional depositions.

Executed this 25 day of September.

_____
John Abdo