UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60276-CIV-COHN/SELTZER

DHL EXPRESS (USA), INC., an Ohio
corporation,

       Plaintiff,

v.

EXPRESS SAVE INDUSTRIES, INC., a New
York corporation, JOHN DOES 1-50,

       Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS COUNTERCLAIMS

**THIS CAUSE** is before the Court on Plaintiff's Motion to Dismiss Counterclaims and Incorporated Memorandum of Law [DE 26]. The Court has carefully considered all of the parties' submissions, the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

DHL Express (USA), Inc. ("DHL") was a domestic and international provider of air and ground pick-up and delivery services. In November 2008, DHL announced that as of January 30, 2009, DHL would no longer provide domestic delivery services. Express Save Industries, Inc. ("ESI") was a domestic reseller of DHL's services. DHL brought this action to collect $253,860, which DHL alleges is the amount due from ESI for shipping services provided by DHL.

ESI responded by bringing ten counterclaims against DHL. These counterclaims include breach of contract, breach of the implied covenant of good faith and fair

dealing, tortious interference with advantageous business relationship, and violations of the franchise law of seven different states. ESI's counterclaims are premised on the theory that DHL is contractually obligated to provide domestic shipping services through the end of 2010.

DHL brought the instant Motion arguing that all of ESI's counterclaims are preempted by the Airline Deregulation Act of 1978, 49 U.S.C. § 41713 ("ADA"), and the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. § 14501 ("FAAAA").

## II. ANALYSIS

The FAAAA preemption clause states that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier." 49 U.S.C. § 14501(c)(1). In adopting the FAAAA, Congress used the same language that is used in the preemption provision of the ADA. See Deerskin Trading Post, Inc., v. United Parcel Service of America, Inc., 972 F. Supp. 665, 668 (N.D. Ga. 1997) (noting that the preemption provision of the FAAAA employs identical language to the preemption provision of the ADA). The ADA preemption clause provides "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1).[1]

The Supreme Court interpreted the scope of the ADA preemption provision and

---

[1] Because the preemption provisions of the ADA and the FAAAA contain similar language, courts that have interpreted the preemptive scope of the FAAAA have relied on cases that address the preemptive scope of the ADA. See, e.g., New Hampshire Motor Transport Ass'n v. Rowe, 448 F.3d 66, 80 (1st Cir. 2006); Desardouin v. United Parcel Service, Inc., 285 F. Supp. 2d 153, 162 (D. Conn. 2003); Smith v. United Airlines, Inc., No. 00-50373, 2002 WL 31236392, at *2 (N.D. Ill. Oct. 3, 2002).

2

held that "[s]tate enforcement actions having a connection with or reference to airline 'rates, routes, or services' are pre-empted under the ADA's preemption provision." Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384 (1992). In Morales, the Supreme Court interpreted the preemption provision of the ADA as having a broad preemptive scope. Morales, 504 U.S. at 383. In American Airlines, Inc. v. Wolens, 513 U.S. 219 (1995), the Supreme Court again addressed the preemption provision of the ADA. The court stated that the ADA's preemption clause

> stops States from imposing their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated. This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach of contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement.

Id. at 232-33. The court held that, although a claim brought under a state consumer fraud act was preempted by the ADA, that "routine breach of contract claims" would not be preempted by the ADA. Wolens, 513 U.S. at 232-233.

The Supreme Court has recently summarized the holding in Morales as follows:

> (1) state enforcement actions having a connection with, or reference to carrier rates, routes, or services are pre-empted; (2) that such pre-emption may occur even if a state law's effect on rates, routes or services is only indirect; (3) that, in respect to pre-emption, it makes no difference whether a state law is consistent or inconsistent with federal regulation; and (4) that pre-emption occurs at least where state laws have a significant impact related to Congress' deregulatory and pre-emption-related objectives. The Court described Congress' overarching goal as helping assure transportation rates, routes, and services that reflect maximum reliance on competitive market forces, thereby stimulating efficiency, innovation, and low prices, as well as variety and quality.

Rowe v. N.H. Motor Transp. Ass'n, 128 S. Ct. 989, 995 (2008) (internal quotation marks omitted and emphasis deleted). "Thus, a state law claim, whether by a private individual or government entity, will be preempted if it involves the enactment or

enforcement of the state law.  If the law has a connection with or relation to airline [or common carrier] prices, routes or services even indirectly, it is preempted by the federal law." ABC Charters, Inc. v. Bronson, 591 F. Supp. 2d 1272, 1299 (S.D. Fla. 2008).

Turning to the facts of this case, the Court finds that Counts III through IX of ESI's Amended Counterclaims are preempted.  The foregoing counterclaims have a "connection with" the services provided by DHL, that is they relate to DHL's decision to exit the domestic shipping market.  Rowe, 128 S. Ct. at 995.  The Court agrees with DHL that in these counterclaims, "Express Save alleges that DHL's decision to exit the domestic delivery market (which it refers to as 'terminating the franchise relationship') violated either the notice or the 'good cause' requirements of the various states' franchise laws."  DE 26 at 6 (citing Amended Counterclaim ¶¶ 64, 70, 76, 82, 88, 94 and 100) (emphasis in original).[2]  Therefore, ESI's claims are not based on a breach of contract "with no enlargement or enhancement based on state laws or policies external to the agreement." American Airlines, 513 U.S. at 233.[3]

The Court will deny DHL's Motion with respect to the remaining counterclaims: breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), and tortious interference with advantageous business relationship (Count X).  The Court finds that the question of whether or not such claims fall outside the scope of the parties' bargain is best resolved at the summary judgment stage in light of the full record.  See DHL Express (USA), Inc. v. Rapid Enterprises, Inc. d/b/a

---

[2]  For example, ESI alleges that DHL violated the Virginia Retail Franchising Act which makes it "'unlawful for a franchisor to cancel a franchise without reasonable cause.'"  Amended Counterclaim ¶ 69.

[3]  DHL asserts that "[n]owhere does the Reseller Agreement require Express Save to pay a franchise fee – or any fee for that matter – to DHL; nowhere does it mention the concept of a franchise relationship.  In fact, the words 'franchise,' 'franchisee' and 'franchisor' do not even appear in the Reseller Agreement." DE 26 at 4.

4

Express One, Docket Entry 31, Case No. 09-CV-60747-ZLOCH (S.D. Fla. Sept. 18, 2009) (Order denying Motion to Dismiss Counterclaims).

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Dismiss Counterclaims and Incorporated Memorandum of Law [DE 26] is **GRANTED in part and DENIED in part**.

2. The Motion is **GRANTED** with respect to Counts III, IV, V, VI, VII, VIII and IX. The foregoing counts are **DISMISSED with prejudice**.

3. The Motion is **DENIED** with respect to Counts I, II and X.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 26TH day of September, 2009.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF