UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60276-CIV-COHN/SELTZER

DHL EXPRESS (USA), INC., an Ohio
corporation,

       Plaintiff,

v.

EXPRESS SAVE INDUSTRIES, INC., a New
York corporation, JOHN DOES 1-50,

       Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE PRAYERS OF RELIEF

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Inappropriate Prayers for Relief and Incorporated Memorandum of Law [DE 27] ("Motion to Strike"). The Court has carefully considered all of the parties' submissions, the record in this case, and is otherwise advised in the premises.

The Motion to Strike argues that Express Save Industries, Inc. ("ESI") is precluded, by the parties' agreement or federal law, from seeking certain types of damages. Specifically, DHL Express (USA), Inc. ("DHL") requests that the Court strike the following prayers for relief from ESI's Amended Counterclaims [DE 25]: (1) "lost anticipated profits" in connection with Counts I and II; (2) "reasonable attorneys' fees and costs" in connection with all Counts; and (3) "punitive" damages in connection with Count 10. DE 27 at 1.

    1.    **Lost Anticipated Profits**

ESI seeks "lost anticipated profits" in connection with Counts I (breach of contract) and II (breach of the implied covenant of good faith and fair dealing) of its

Amended Counterclaims.  <u>See</u> DE 25.  The Reseller Agreement between the parties contains a "Limitation of Liability" provision which reads as follows:  "Neither party shall be liable for any special or consequential damages of loss of profits occasioned by any breach of the terms of the Agreement."  Exhibit 1 to DE 1, Reseller Agreement at 8(h).  The Reseller Agreement also provides that the "legal relations of the parties shall be construed according to the laws of the State of Washington."  <u>Id.</u> at 8(k).

ESI cites Washington law which provides that "'[l]imitation of . . . consequential damages is valid unless it is established that the limitation is unconscionable.'"  <u>Am. Nursery Prods. v. Indian Wells Orchards</u>, 797 P. 2d 477, 480 (Wash. 1990) (quoting RCW 62A.2-719(3)).  However, the Supreme Court of Washington went on to find that "[e]xclusionary clauses in purely commercial transactions, such as the one at hand, are prima facie conscionable and the burden of establishing unconscionability is on the party attacking it."  <u>Id.</u> at 481.  The court also stated that "only those commercial transactions with sufficient indicia of unfair surprise in the negotiations should be subject" to a finding of unconscionability.  <u>Id.</u> at 482 ("Parties to a commercial contract . . . generally have equal bargaining power and an equal ability to seek advice and alternative offers.").  ESI points to no indicia of unfair surprise and fails to rebut the presumption that the limitation of liability provision contained in the Reseller Agreement is conscionable.  The provision is clearly set out as a separate provision in the seven-page agreement and is not buried in "a maze of fine print."  <u>Id.</u> at 481.

ESI also cites Florida law which provides that limitation of liability provisions are valid only "where the intention is made clear and unequivocal."  <u>L. Luria & Son, Inc. v. Alarmtec Int'l Corp.</u>, 384 So. 2d 947, 948 (Fla. 4th DCA 1980).  The Court finds that the limitation of liability provision in the Reseller Agreement is clear and unequivocal.  Therefore, it is valid under either Washington or Florida law.  Accordingly, the Court will strike ESI's prayer for "lost anticipated profits" from Counts I and II of its Amended Counterclaims.

2

2. **Attorneys' Fees and Costs and Punitive Damages**

DHL argues that ESI's attempt to seek punitive damages and reasonable attorneys' fees and costs are preempted for the reasons set forth in DHL's Motion to Dismiss [DE 26]. However, the Court has ruled that Counts I, II and X were able to survive DHL's Motion to Dismiss. See DE 54. Accordingly, the Court will not now strike ESI's prayers for relief attached to such claims solely on the basis of DHL's preemption arguments. Moreover, the Court finds that question of whether an award for reasonable attorneys' fees and costs is best resolved in the context of a motion regarding the same filed at the conclusion of this action.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Strike [DE 27] is **GRANTED in part and DENIED in part**.

2. The Motion is **GRANTED** with respect ESI's prayers for lost anticipated profits in connection with Counts I and II. The foregoing prayers for relief are hereby stricken from ESI's Amended Counterclaims.

3. The Motion is **DENIED** with respect to ESI's prayers for (1) reasonable attorneys' fees and costs in connection with Counts I, II and X; and (2) punitive damages in connection with Count X.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 6TH day of October, 2009.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF