UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.09-60276-CIV-COHN/SELTZER

DHL EXPRESS (USA), INC.,
an Ohio corporation,

    Plaintiff,

vs.

EXPRESS SAVE INDUSTRIES INC.,
a New York corporation, and
JOHN DOES 1-50,

    Defendants.
_____/

ORDER

THIS CAUSE is before the Court on Plaintiff DHL Express (USA), Inc.'s Motion to Compel Appearance of Defendant Express Save Industries, Inc. at Deposition (DE 48) and Defendant ESI's Motion for a Protective Order (DE 49) and the Court being sufficiently advised, it is hereby ORDERED that Plaintiff's Motion to Compel is GRANTED and Defendant's Motion for a Protective Order is DENIED for the reasons set forth below.

On August 27, 2009, Plaintiff DHL Express (USA), Inc. ("DHL") took the deposition of John Abdo, in his individual capacity; the deposition lasted for seven hours.[1] Abdo is the sole owner, president, and manager of the closely-held company, Defendant Express Save Industries Inc. ("ESI"). A week later, DHL noticed the deposition of ESI's corporate representative, pursuant to Federal Rule of Civil Procedure 30(b)(6). ESI, however,

---

[1] The day before Abdo's deposition, DHL had taken the deposition of two other ESI employees.

refused to produce a corporate representative for deposition. According to ESI, the sole witness it can designate for a 30(b)(6) deposition is Abdo, and it need not produce a corporate representative because DHL has already deposed Abdo for the allotted seven-hour period.[2]

DHL then filed its instant motion to compel ESI to designate and produce a corporate representative for deposition as required by Rule 30(b)(6). And ESI filed its instant motion for a protective order pursuant to Federal Rule of Civil Procedure 26;[3] it seeks to preclude Abdo from testifying at a second deposition.

The parties cross-motions raise the issue of whether a party may depose the opposing party's Rule 30(b)(6) corporate representative when it has already deposed the designated representative in his individual capacity (for the full seven hours permitted).

---

[2] Federal Rule of Civil Procedure 30(d)(1) and Local Rule 26.1(K) both limit depositions to one day of seven hours. And Federal Rule of Civil Procedure 30(a)(2)(ii) requires a party to obtain leave of court before deposing a witness for a second time.

[3] Under Federal Rule of Civil Procedure 26(c)(A), for "good cause" shown a court may issue a protective order prohibiting a deposition. See McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir. 1989). "When evaluating whether a movant has satisfied his burden of establishing good cause for a protective order preventing a deposition, a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the deposition." Baratta v. Homeland Housewares, LLC, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (Johnson, Mag. J.) (citing Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985)). However, "protective orders prohibiting depositions are rarely granted . . . [and a party] has a heavy burden of demonstrating good cause for such an order." LendingTree v. LowerMyBills, Inc., 2006 U.S. Dist. LEXIS 59589, at *8 (quoting Medlin v. Andrew, 113 F.R.D. 650, 653 (M.D.N.C. 1987)); see also Dunford v. Rolly Marine Service Co., 233 F.R.D. 635, 637 (S.D. Fla. 2005) (Torres, Mag. J.) ("The burden of showing good cause to preclude a deposition altogether is a heavy one. That is why protective orders prohibiting depositions are rarely granted.") (internal citations omitted).

2

One court in this District has recently addressed this precise issue. In Provide Commerce, Inc. v. Preferred Commerce, Inc., No. 07-80185 Civ, 2008 WL 360588, at *3 (S.D. Fla. Feb. 8, 2008) (Ryskamp, J.), the plaintiff had twice deposed the defendant corporation's president in his individual capacity; it then sought to depose the corporation's 30(b)(6) representative. The defendant corporation designated its president as its representative, but refused to produce him for deposition.  It then moved for a protective order on the following grounds: its president had already been deposed and, therefore, his testimony would be repetitive; his prior depositions could serve as his 30(b)(6) testimony; and the cost of attending a second deposition would be burdensome. According to the defendant, its president had essentially already given a Rule 30(b)(6) deposition as he had testified about the same subject matters identified in the plaintiff's 30(b)(6) notice. After explaining the differences between an individual's deposition under Rule 30(b)(1) and a corporate representative's deposition under Rule 30(b)(6),[4] the Preferred Court stated:

> Although [the corporate president's] testimony may be similar
> under the law, a corporate entity is distinct from the individuals

---

[4] "A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity." Sabre v. First Dominion Capital, L.L.C., No. 01 Civ. 2145, 2001 U.S. Dist. LEXIS 20637, at *2 (S.D. N.Y. Dec. 12, 2001) (citing 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2103 (2d ed. 1994)).  Moreover, "if the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation.  Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." A.I.A. Holdings, S.A v. Lehman Brothers, Inc., No. 97 Civ. 4978, 2002 U.S. Dist. LEXIS 9218, at *15 (S.D.N.Y May 20, 2002) (internal citations omitted).

3

> who control or manage the corporation. Although the limitations on multiple depositions of the same person apply to Rule 30(b)(6) motions, this Court did not find any case law that barred a second deposition of an individual who was first deposed in his individual capacity and then called to testify a second time on behalf of the corporation. [The president] has only testified as an individual and not on behalf of the corporation.

Id. Accordingly, the court denied the defendant's motion for protective order and ruled that the plaintiff was entitled to take the corporate representative's Rule 30(b)(6) deposition. See also LendingTree, Inc. v. LowerMyBills, Inc., No. 3:05CV153-C, 2006 U.S. Dist. LEXIS 59589, at *3-6, 9 (W.D.N.C. Aug. 22, 2006) (granting motion to compel Rule 30(b)(6) deposition even though 30(b)(6) designee had previously testified in his individual capacity on topics similar to those identified in the 30(b)(6) notice); Smith v. General Mills, No. C2 04-705, 2006 U.S. Dist. LEXIS 19093, at *15 (S.D. Ohio Apr. 13, 2006) ("Courts have soundly rejected [the] argument that prior deposition testimony from individual fact witnesses relieves a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition."); Commodities Futures Trading Comm'n v. Midland Rare Coin Exchange, Inc., No. 97-7422, 1999 U.S. Dist. LEXIS 16939, at *9-10 (S.D. Fla. Aug. 4, 1999) (Johnson, Mag. J.) (ruling that party could depose witness in his individual capacity for six-hours and also depose the same witness as Rule 30(b)(6) corporate representative for an additional six hours as "the depositions serve distinct purposes, impose different obligations . . . and involve different ramifications.").

In opposition to DHL's motion to compel, ESI submits the declaration of John Abdo (Exhibit to DE 53), in which he avers that he is the only individual within the corporation

who has knowledge concerning the matters identified in DHL's 30(b)(6) notice and that DHL has already questioned him about these same matters. Abdo Decl., ¶¶ 7, 8. Abdo further opines that "[t]o the extent that any matters were not covered in [his] deposition, it was simply because DHL's counsel failed to inquire about such matters." Id. at ¶ 9. According to Abdo, "DHL certainly had every opportunity to inquire about every matter listed in connection with 30(b)(6)." Id. Finally, as president of the corporation, Abdo agrees "to permit the parties to adopt the testimony [he] provided in [his] personal capacity as the testimony that would have been provided on behalf of ESI, in a 30(b)(6) deposition." Id. at ¶ 10.

Relying on Abdo's Declaration, ESI attempts to distinguish the Preferred decision. It argues that, unlike this case, there is no indication in Preferred that the company was closely-held or that the president-deponent had adopted his testimony as that of the corporation. ESI argues that instead of applying the holding of Preferred, this Court should adopt the reasoning of Sabre v. First Dominion Capital, LLC, No. 01 Civ. 2145 (BSJ)(HBP), 2001 U.S. Dist. LEXIS 20637 (S.D.N.Y Dec. 10, 2001), and A.I.A. Holdings, S.A v. Lehman Brothers, Inc., No. 97 Civ. 4978, 2002 U.S. Dist. LEXIS 9218 (S.D.N.Y May 20, 2002).

In A.I.A. Holdings, the plaintiff corporation sought a protective order limiting the corporation's 30(b)(6) deposition to written interrogatories because all three of its principals had already been deposed in their individual capacities on the subjects set forth in the defendant's 30(b)(6) notice. After explaining the differences between an individual's deposition and a 30(b)(6) deposition, the court stated:

> Since a 30(b)(6) witness is obligated to provide the entity's

> knowledge, the mere fact that the principal of a corporation has been deposed is not an automatic substitute for a 30(b)(6) deposition. However, common sense teaches that in the case of relatively small, closely-held entities, like [the plaintiff corporation], there may be no difference between the knowledge of the entity and the knowledge of its principals. . . . A 30(b)(6) deposition may not be justified where, assuming the witness is properly prepared, the entity establishes that the witness's testimony as a 30(b)(6) witness would be identical to his testimony as an individual and the 30(b)(6) is limited, or substantially limited, to topics covered in the deposition taken in the witness's individual capacity. In such a situation, there appears to be no obstacle to the entity's complying with its obligations under Rule 30(b)(6) by adopting the witness's testimony in his individual capacity.

2002 U.S. Dist. LEXIS 9218, at *18. The A.1.A Holdings Court found that it could not determine from the record whether a 30(b)(6) deposition would be entirely, or even substantially, redundant of the depositions of the corporate principals taken in their individual capacities. Accordingly, it denied the plaintiff corporation's motion for a protective order, but gave the corporation an additional opportunity to show that a 30(b)(6) deposition "would be a waste of time and money." Id. at 19.

In Sabre, the court ruled that "the 30(b)(6) deposition is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent time limit." 2001 U.S. Dist LEXIS 20637, at *4. In so ruling, the court recognized that "[a] deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. Notwithstanding its ruling, the court went on to state:

> This is not to say, however, that the inquiring party has *carte blanche* to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness. In the case

6

>of many closely held corporations, the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity. In such a situation, the witness could simply adopt the testimony he or she provided in a former capacity, thereby obviating the need for a second deposition. In addition, if the questioning at any deposition becomes repetitive or is otherwise being conducted in an oppressive manner, the aggrieved party can always make application for a protective order.

Id. at *3-4.

In support of its motion for protective order, ESI contends that Federal Rule of Civil Procedure 26(b)(2)(C) requires the Court to limit the frequency and extent of discovery under the circumstances present here.[5] ESI first argues that because Abdo has previously provided deposition testimony (which ESI now adopts) his testimony as a 30(b)(6) representative would be cumulative or duplicative of information that DHL has already obtained. ESI next argues that DHL had ample opportunity during Abdo's previous deposition "to ask every question that was reasonably calculated to lead to the discovery

---

[5] Rule 26(b)(2)(C) permits a court to limit the frequency or extent of discovery in three circumstances:

>(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
>(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
>(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i-iii).

7

of admissible evidence." Opposition Memorandum at 4 (DE 53).  Finally, ESI argues that Abdo's knowledge constitutes the total knowledge of ESI on those matters identified in DHL's 30(b)(6) deposition notice and, therefore, deposing Abdo for a second time will not confer any benefit on DHL; rather, such an unnecessary deposition will impose a significant burden and additional expense on ESI.

The Court finds that ESI has failed to show "good cause" for a protective order. First, ESI has not sufficiently demonstrated that a Rule 30(b)(6) deposition would necessarily be "unreasonably cumulative or duplicative."  Fed. R. Civ. P. 26(b)(2). Although DHL has taken Abdo's deposition in its individual capacity, it has not been afforded the opportunity to take the deposition of the corporation.  Nor does the Court find that ESI's belated offer to adopt Abdo's individual testimony as that of the corporation obviates the need for a 30(b)(6) deposition under the circumstances here.

According to DHL, in many instances Abdo was unable to answer the questions asked because of a lack of personal knowledge or a lack of preparation.  This is understandable because, as an individual, Abdo had no duty to investigate matters or otherwise prepare for his deposition.  As a corporate representative, however, he would be required to make proper inquiries to acquire the knowledge of the corporation as a whole. DHL also contends that during his individual deposition, Abdo at times was unable to recall some events.  As an individual, he was only required to testify as to what he recalled.  As a 30(b)(6) representative, however, he would be obligated to testify to as to all "information known or reasonably available to the corporation."   Fed. R. Civ. P. 30(b)(6).

Additionally, the Court does not find that ESI has met the Rule 26(b)(2)(ii) requirement of showing that DHL "has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(ii).  In his declaration, Abdo opines that "[t]o the extent that any matters were not covered by my deposition, it was simply because DHL's counsel failed to inquire about such matters.  DHL certainly had every opportunity to inquire about every matter."  Abdo Decl. ¶ 9.  DHL, however, correctly contends that this position assumes DHL knew at the time it took Abdo's deposition that ESI would refuse to produce a 30(b)(6) witness and that his individual deposition would be the only opportunity DHL would have to obtain deposition information about the corporation's knowledge. According to DHL, when it took Abdo's deposition, it did not intend to also conduct a comprehensive 30(b)(6) deposition; rather, DHL limited its inquiry to topics on which it believed that Abdo may have had personal knowledge.

Finally, ESI has failed to meet its burden of showing that the additional expense and inconvenience of making Abdo available for a second time outweighs the DHL's right to conduct appropriate discovery.  See Fed. R. Civ. P. 26(b)(2)(iii) ("the burden or expense of the proposed discovery outweighs its likely benefit").  In his declaration, Abdo merely states that "this litigation has placed a tremendous burden on my closely-held corporation." Abdo Decl. ¶ 11.  DHL's interests relate to its right to obtain relevant discovery in order to prepare for trial and attempt to prove its case.  As the Eleventh Circuit has stated, "those are important interests, and great care must be taken to avoid their unnecessary infringement."  Farnsworth v. Procter & Gamble Co., 785 F.2d 1545, 1547 (11th Cir. 1985.).

Based on these reasons, the Court will grant DHL's motion to compel and deny ESI's motion for protective order. Accordingly, it is hereby ORDERED that DHL shall produce Abdo (or another corporate representative) for a 30(b)(6) deposition on a date and time mutually convenient to the parties; the deposition, however, must be completed no later than October 30, 2009. In his declaration, DHL's counsel, D. Barclay Edmundson, states that he had offered ESI's counsel "a number of suggestions that would reduce the alleged burden on [ESI] to appear for deposition." Edmundson Decl. ¶ 3. DHL's counsel, however, did not identify these suggestions. The Court, therefore, hereby ORDERS that before the deposition date, counsel for the parties shall confer by telephone or in person and discuss ways to avoid cumulative or duplicative deposition testimony.

In addition, DHL moves for an award of attorney's fees. Under Federal Rule of Civil Procedure 37(a)(5), where a court grants a motion to compel discovery, the court "must" require the opposing party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "the opposing party's non-disclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(ii) and (iii). Here, ESI has failed to identify even one case in which a court has denied a party's right to take a 30(b)(6) deposition when the 30(b)(6) designee has previously testified in his individual capacity. Indeed, at the time ESI refused to produce a corporate representative, one court in this district had considered the precise issue presented in the instant case; that court did require the corporation to give a 30(b)(6) deposition, notwithstanding that its Rule 30(b)(6) designee had already testified twice. See Provide Commerce, 2008 WL 360588, at *3. Although

ESI cited two cases from other districts that suggest that the need for a 30(b)(6) deposition might be obviated where the corporate designee adopts his prior deposition testimony, here ESI did not offer to adopt Abdo's prior testimony until after DHL had moved to compel the deposition of ESI's corporate representative.  DHL, therefore, had neither the opportunity nor obligation to fully exhaust the Rule 30(b)(6) subject matters at Abdo's prior deposition.  The Court, therefore, cannot find that ESI's refusal to produce a 30(b)(6) corporate representative for deposition was substantially justified, nor does the Court find that other circumstances make an award of expenses unjust.  Accordingly, it is hereby ORDERED that within 30 days of the date of this Order, ESI shall pay to DHL the sum of $350 for attorney's fees incurred in bringing its motion to compel.

DONE AND ORDERED in Fort Lauderdale, Florida, this 19th day of October 2009.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record

11